UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, as next friend for "JESSY," a minor, and "SOLOMON", <br><br> Plaintiffs, <br><br> v. <br><br> EDWARD CHARLES DINKFELD, <br><br> Defendant. | Case No: <br><br> COMPLAINT <br><br> Jury Trial Demanded |

Minor "Jessy," proceeding by and through his next friend, Jane Doe, and "Solomon" through their attorneys of record John Kawai of Carpenter, Zuckerman, and Rowley, Deborah A. Bianco of Deborah A. Bianco P.S., and Carol L. Hepburn of Carol L. Hepburn P.S., allege for their complaint as follows:

## NATURE OF THE ACTION

1. This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

2. 18 U.S.C. § 2255(a) allows victims of child pornography under section 2252A to recover the actual damages such person sustains or liquidated damages in

the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3. Jane Doe is a pseudonym for Jessy's mother and next friend for the purposes of this litigation.

4. "Jessy" is currently a minor who resides outside the State of California

5. "Solomon" is a pseudonym for an adult male, who resides outside the State of California.

6. The Defendant is a resident of California and is currently incarcerated. Prior to his incarceration he resided in Los Angeles County, California.

## JURISDICTION AND VENUE

7. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where the Defendant resides and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

<u>The Defendant Possessed Child Pornography Depicting Jessy in Violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2)</u>

9. When Jessy was under the age of 12, he met an adult man at a skate park. The man was posing as a photographer who represented himself as being able to

obtain modeling and potential skateboard sponsorship opportunities for Jessy. The "photographer" photographed Jessy on numerous occasions, in a variety of settings, clothed, wearing costumes, partially clothed and nude.

10. These images and videos are distributed over the Internet and are known as the "Surfer Hair" child pornography series. These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

11. Jessy has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting him by persons including the Defendant. The permanent harm he has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with his normal development and educational progress, lifelong loss of income earning capacity, loss of future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

### The Defendant Possessed Child Pornography Depicting Solomon in Violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2)

12. Solomon was a school-aged boy when a "counselor" befriended his single mother and her two sons.  The adult male showed an interest in the two boys that over time focused solely on Solomon and degenerated into first grooming, and then outright sexual abuse with the assistance of drugs.  His original abuser then brought confederates to join in on sexually exploiting Solomon.  This abuse was photographed and distributed over the internet.

13. Images and videos of Solomon have been and continue to be widely circulated on the internet and are known as the "J_blonde" child pornography series.

These images and videos constitute child pornography within the meaning of 18 U.S.C. § 2256(8).

14. Solomon has been and will continue to suffer personal injury by the distribution and possession of child pornography depicting him by persons including the Defendant. The permanent harm he has proximately suffered includes but is not limited to extreme and permanent emotional distress with physical manifestations, interference with his normal development and educational progress, lifelong loss of income earning capacity, loss of past and future wages, past and future expenses for medical and psychological treatment, loss of enjoyment of life, and other losses to be described and proven at trial of this matter.

### THE PLAINTIFFS' RIGHT TO PROCEED UNDER A PSEUDONYM

15. Concomitant with this complaint, the Plaintiffs have moved for permission to proceed in this case using pseudonyms in accordance with the applicable law in this circuit.

16. According to *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000), "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."

17. As outlined in their Motion to Proceed Under a Pseudonym, the Plaintiffs' need for anonymity outweighs any prejudice to the Defendant or the public's interest in knowing their identity.

### FIRST CLAIM FOR RELIEF
### 18 U.S.C. § 2255(a)

18. The Plaintiffs repeat and re–allege all prior paragraphs.

19. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

20. The Defendant pleaded guilty of violating the federal child pornography crime found at 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

21. 18 U.S.C. § 2252A(a)(5)(B), (b)(2) provides that any person commits a federal crime who:

> "knowingly possesses, or knowingly accesses with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer."

22. The Defendant pleaded guilty to knowingly possessing material containing images of the Plaintiffs' child pornography in violation of federal child pornography laws.

23. The Plaintiffs suffered personal injury as a result of the Defendant's violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2).

24. The Plaintiffs are electing liquidated damages in the amount of $150,000 each and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

25. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

26. Punitive damages in an amount sufficient to punish the Defendant and deter others from like conduct pursuant to 18 U.S.C. § 2255(a) and the common law;

27. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

28. Pre-judgment and post-judgment interest;

29. Such other preliminary and equitable relief as the Court determines to be appropriate pursuant to 18 U.S.C. § 2255(a);

30. Any relief within the Court's jurisdiction appropriate to the proof, whether or not demanded; and

31. Such other and further relief as the Court deems just and proper.

Dated this 4th day of March, 2019 at Irvine, California.

CARPENTER ZUCKERMAN AND
ROWLEY, LLP

By /s John A. Kawai
John A. Kawai, 260120
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com

CAROL L. HEPBURN, P.S.

<u>/s Carol L. Hepburn</u>
Carol L. Hepburn, *Pro Hac Vice Pending*
200 First Avenue West, #550
Seattle, WA 98119
(206) 957-7272
(206) 957-7273 fax
carol@hepburnlaw.net
Attorney for Jessy and Solomon


DEBORAH A. BIANCO, PLLC

By <u>/s Deborah A. Bianco</u>
Deborah A. Bianco, *Pro Hac Vice Pending*
14535 Bel-Red Road, #201
Bellevue, WA 98007
Phone: 425-747-4500
Email: deb@debbiancolaw.com
Attorney for Jessy