1
2
3
4
5
6
7
UNITED STATES DISTRICT COURT

8
FOR THE CENTRAL DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| 11 JANE DOE, as next friend for<br>12 "JESSY," a minor, and "SOLOMON", | Case No.: 2:19-cv-01554-ODW-SS |
| 13 Plaintiffs, | |
| 14 v. | PLAINTIFFS' MEMORANDUM IN<br>OPPOSITION TO DEFENDANT'S<br>MOTION TO DISMISS |
| 15 EDWARD CHARLES DINKFELD, | |
| 16 Defendant. | NOTE ON MOTION CALENDAR:<br>Date:   June 24, 2019 |
| 17 | Time:  1:30 p.m.<br>Judge:  Hon. Otis D. Wright, II |
| 18 | |
| 19 | |

20
21       Defendant's Motion to Dismiss should be denied.   Plaintiffs offer this

22 memorandum in opposition to Defendant's motion

23
24
25 ///

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

- 1

1

1.     **Defendant has failed to comply with L.R. 7-3.**

Defendant failed to comply with L.R. 7-3 in three different ways. He failed to "thoroughly" discuss his issue concerning the specificity of the Complaint herein.  Plaintiffs offered to cure the alleged deficiency in the Complaint and Defendant failed to respond to this offer.  Defendant failed to raise in any manner the issues of personal jurisdiction, preclusion of civil remedy by the imposition of criminal restitution, or Jane Doe's participation in the litigation, before the filing of this motion.  See Declaration of Carol L. Hepburn at ¶¶ 3 – 5 and Ex. 1 thereto filed herewith (Hereinafter "Hepburn Dec.").

The phone call which Defendant claims met his "meet and confer" obligation covered only the issue of the specificity of paragraph 23 of the complaint.  This is but one of the four issues raised in Defendant's motion.  As to that single issue raised in the brief phone call, counsel said simply "Paragraph 23 is not specific enough under Twombly.  Look at it and you will see."  and nothing more.  Plaintiffs agreed via email the same day to make the complaint more specific at Paragraph 23.  Defense counsel failed to communicate further concerning Plaintiffs' counsel's attempt to meet this issue.  Hepburn Declaration, ¶¶ 6-7 and Ex. 1 thereto.

L.R. 7-3 requires a thorough discussion between counsel prior to the filing of the motion.  Compliance with the rule prevents the court's docket being clogged with unnecessary motions.  Defendant's simplistic statement was not a thorough explanation of his issue.  Further, Plaintiffs were amenable to providing the extra specificity as Defendant requested, yet this motion was filed without responding to Plaintiffs' counsel's offer to provide revised allegations.  Hepburn

- 2

Declaration ¶¶ 6-8, Ex. 1 thereto.  This motion should not consume the court's time when the issue might readily have been resolved between counsel.  This motion should be denied pursuant to L.R. 7-4.

> 2.   **Plaintiffs' complaint is sufficient as filed.**

Should the court nevertheless consider the motion, Plaintiffs submit that the Complaint herein is sufficient as filed.

In deciding the instant motion all allegations in the complaint must be taken as true and construed in the light most favorable to the non-moving party.

*Skilstaf, Inc. v. Caremark Corp.,* 669 F.3d 1005, 1014 (9th Cir. 2012).  The complaint must, on its face contain sufficient facts which, when taken as true, state a claim for relief which is plausible on its face.

*Mollett and Hellwig v. Netflix, Inc.,* 795 F.3d 1062 (9th Cir. 2015), citing *Ashcroft v. Iqbol,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  Only where there is a lack of a cognizable legal theory or and absence of sufficient fact to support a cognizable legal claim is there a basis for dismissal.  *Id.*

Defendant argues that Plaintiffs failed to plead a specific nexus between the injuries described and the Defendant's crime of possessing images of their sexual abuse.  (ECF No. 29-1, p.5, ll. 2-4.)[1]

Plaintiffs have, however, alleged the following salient facts:

1.  Each of the Plaintiffs is a subject of child pornography images;

---

[1] Defendant cites no case examining the sufficiency of a complaint pleaded under 18 U.S.C. §2255, and Plaintiffs have found no such case either.

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

2. Each of the Plaintiffs has suffered specific injury as a result of the images of their child sex abuse being possessed by others including the Defendant;

3. Defendant has pleaded guilty to knowingly possessing the images of Plaintiffs' child sex abuse; and,

4. Plaintiffs have been injured by this violation by Defendant of child pornography laws.   (ECF No.1, ¶¶ 9 -11, 12 – 14, 20, 22, 23).

It is of further import that Defendant has been convicted in the United States District Court, Central District of California under Cause No. 17-CR-482-R, of violating 18 U.S.C. §2252A(a)(5)(B).  (Judgment dated February 28, 2018, Hepburn Dec. Ex. 2).  As a part of that matter, on May 7, 2018, the defendant Edward Charles Dinkfeld and the Government entered into and filed in this court a Stipulation Regarding Restitution.  This Stipulation was signed by both the defendant herein, Mr. Dinkfeld, and his counsel herein, Mr. Helfend.  This stipulation provided that  both "the individual known as 'Jessy,'" and "the individual known as 'J Blonde'" are victims "in this case, meaning [they are] "individual[s] harmed as a result of a commission of a crime; under Chapter 110 of Title 18, which includes defendant's crimes, as provided in 18 U.S.C. §2259(c)."  (Hepburn Dec. Ex. 3, ¶¶ 4 & 7).  On May 9, 2018, the court in the criminal matter *United States v. Dinkfeld,* entered an Order Regarding Restitution which provided as follows:

> The individuals identified as "Jessy" and "J Blonde" are victims in this case, meaning they are individuals harmed as a result of a commission of a crime under Chapter 110 of Title 18, which includes defendant's crime, as provided in 19 U.S.C. § 2259(c).

- 4

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

(Hepburn Dec. Ex. 4, ¶ 2).

The victim "J Blonde" in the criminal matter *United States v. Dinkfeld* is the plaintiff "Solomon" herein.  See Declaration of Solomon filed herewith.

The Stipulation further provided for Defendant Dinkfeld to pay restitution to Jessy and J Blonde through their respective counsel Deborah Bianco and Carol Hepburn who are Plaintiffs' counsel herein.  (Hepburn Dec. Ex. 3, ¶¶ 5,6, 8, & 9). Defendant's conviction is more than an inference of "the mere possibility of misconduct." Defendant's stipulation that plaintiffs are "individuals harmed as a result of a commission of . . . defendant's crimes, as provided in 18 U.S.C. §2259(c)" and the court's conviction of defendant, constitute legal findings that the defendant possessed the child pornography images of the plaintiffs and the plaintiffs were harmed as a result. There is nothing "speculative" about defendant's stipulation or conviction; defendant is currently imprisoned and serving the sentence imposed by the court in the criminal matter. The court not only "may draw the reasonable inference that the defendant is liable for the misconduct alleged," it must accept that the defendant's stipulation and conviction are irrefutable evidence of defendant's culpability.

Multiple courts, most notably the United States Supreme Court in

*Paroline v. United States,* 572 U.S. 434, 134 S.Ct. 1710 (2014), have found that victims of child pornography crimes suffer devastating and permanent injuries as a result of their offenders' actions in possessing the images of their child sex abuse. Indeed, the issue raised by the criminal defendant in *Paroline* was whether there was a sufficient causal nexus between the defendant's crime and the victim's losses to justify the imposition of a restitution order.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

In *Paroline* the defendant possessed two images of the victim, Amy. The defendant and Amy had not known each other prior to his crime. There was no connection between them other than the fact that the defendant possessed images of Amy's sexual abuse as a child. This was sufficient to establish that the defendant contributed to the harm suffered by Amy as a result of the distribution of her images and the possession of those images by many individuals. As a part of its analysis the Court, in its majority opinion by Justice Kennedy, recognized the "devastating harm" suffered by the children who are the subjects of child pornography.

> One person whose story illustrates the devastating harm caused by child pornography is the respondent victim in this case.
> . . .
>
> The full extent of this victim's suffering is hard to grasp. Her abuser took away her childhood, her self-conception of her innocence, and her freedom from the kind of nightmares and memories that most others will never know. These crimes were compounded by the distribution of images of her abuser's horrific acts, which meant the wrongs inflicted upon her were in effect repeated; for she knew her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her….
>
> The unlawful conduct of everyone who reproduces, distributes, or possesses the images of the victim's abuse--including Paroline--plays a part in sustaining and aggravating this tragedy.
>
> . . . [E]very viewing of child pornography is a repetition of the victim's abuse

*Paroline v. United States,* 572 U.S, 434, 440 – 441, and 457, 134 S.Ct. 1710, 1717, and 1726 -27 (2014).

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

Over thirty years before *Paroline* the Supreme Court similarly noted:

> The legislative judgment, as well as the judgment found in the relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child.

*New York v. Ferber*, 458 U.S. 747, 758, 102 S.Ct. 3348 (1982)

More recently, in the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Congress has also recognized the harm resulting to children from the crimes of those who possess their images.

Sec. 2 Findings

. . .

(2) The harms caused by child pornography begin, but do not end, with child sex assault because child pornography is a permanent record of that abuse and trafficking in those images compounds the harm to the child.

. . .

(5) Victims suffer continuing and grievous harm as a result of knowing that a large, indeterminate number of individuals have viewed and will in the future view images of their childhood sexual abuse. Harms of this sort are a major reason that child pornography is outlawed.

(6) The unlawful collective conduct of every individual who reproduces, distributes, or possesses the images of a victim's childhood sexual abuse plays a part in sustaining and aggravating the harms to that individual victim.

Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, S. 2152, PL 115-299, Sec. 2 (2), (5) & (6), Ex 1 to Kawai Declaration.  While the Act itself does not control this matter, the finding by Congress that possession of child pornography is injurious to the child(ren) depicted does inform the review

- 7

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

of pleadings in this case and provide further support for the nexus between Defendant's criminal offense and the harms suffered by Plaintiffs.

> 3.     **The unique nature of Plaintiffs' claims, and the defendant's stipulation that plaintiffs are "individuals harmed as a result of a commission of . . . defendant's crimes , as provided in 18 U.S.C. §2259(c)" preclude the need for more specific pleading or proof concerning injury.**

In 2005, a statutory amendment to 18 U.S.C. §2255 known as "Masha's Law" was introduced "to provide meaningful remedies for victims of sexual exploitation of children . . ." Cong. Rec. S14195 (12-20-05). Masha's Law was subsequently adopted as law in 2006. The legislative history specifically and repeatedly explains that the purpose of the statutory amendment—Masha's Law---was to allow victims to bring lawsuits against child pornography downloaders and other traffickers, including after the victim reaches majority, and provide for increased statutory damages.

When introducing Masha's Law in 2005, Senator John Kerry, one of two sponsors of the bill, explained that the purpose was "to increase civil penalties for child exploitation. Senator Kerry went on to declare that "[o]ur legislation is a small piece of a larger battle that we believe will stop would-be child predators and protect our children." *Id.* Concerning Masha, Senator Kerry proclaimed, "[t]he damage has been done and will continue until people stop downloading pictures of her off the internet." *Id.*

Senator Kerry went on to note that Masha's Law increased statutory damages from $50,000 to $150,000 for two purposes: to provide a "deterrent to those who disseminate and possess child pornography," and to provide a "means

- 8

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

of compensating victims . . ." Cong. Rec. S14194 (12-20-05).  He noted that existing statutory damages were "flawed" because downloading a song which violates copyright law, and which could result in civil damages of $150,000 was far less detrimental to the victim yet results in far greater compensation.  *Id.*

On July 25, 2006 Congressman Gingrey spoke in the House of Representatives concerning the then pending House version of the Bill:

> This provision dramatically increases civil statutory damages for child exploitation, creating a civil avenue victims of child sexual exploitation can pursue to recover monetary damages from their predators.  This included those who produce, distribute, and consume child pornography.

152 Cong. Rec H5705-01, 2006 WL 2060156 (7-25-06).  Congressman Gingrey went on to describe the abuse of Masha Allen, the creation and distribution of her sexual abuse images (child pornography), and the ongoing exploitation of victims after the initial abuser is incarcerated: "the sad reality is that although these monsters can be put behind bars, the victims of internet child pornography will continue to be exploited.:  *Id.*  He explained that the introduced Masha's Law to provide victims with an ongoing means of recovering damages and holding the traffickers in their child pornography responsible over the long term.  He stated,

> This is why I introduced Masha's Law.  It allows these individuals a pathway to recover damages they have suffered from these crimes and allows them to pursue this avenue even after they are no longer a minor.  Therefore as the pictures are downloaded and traded, year and year, these victims can continue to seek justice from these horrendous crimes.

> Mr. Speaker, a compassionate society looks after the most vulnerable among us, our children.  I urge my colleagues to support the Adam Walsh Child Protection and Safety Act, so we can protect our most

- 9

> precious commodity, innocent children like Masha, and give back
> hope to those who need it the most.*Id.  See also* Cong. Rec. H229 (2-
> 14-06 "My legislation would . . . insure victims can sue those who
> download their pictures.")

By providing for liquidated damages Congress has recognized in Masha's Law
the nexus between the possession of child pornography images by a defendant
and the damage to the child who is depicted in those images.  The Supreme
Court's findings in *Paroline*, *supra*, further underscore this reality and should be
viewed as the context within which to judge the pleading of the Complaint herein.
Plaintiffs have plausibly alleged facts sufficient to show causation.

4.   **Defendant conflates restitution in the criminal context with the
separate and additional civil remedy Congress has provided for in Masha's
Law**

Restitution for victims of child pornography crimes is provided for in 18
U.S.C. §2259 and allows for an order compensating victims for specific "costs
incurred."  Masha's Law, 18 U.S.C. §2255(a), under which the instant action is
brought, however allows for a broad civil remedy providing compensation for
"actual damages" or "liquidated damages."  The two remedies are quite different
as discussed by the 11th Circuit in *United States v. Rothenberg,* 923 F.3d 1309
(11th Cir. No. 12349, May 8, 2019).

> But the damages available to a plaintiff in a civil lawsuit may be
> quite different from the concrete "costs incurred" for which § 2259
> provides recompense. *See* 18 U.S.C. § 2259(c)(2). For example, a
> plaintiff in a civil damages suit under § 2255(a) may be able to
> recover for noneconomic losses, such as pain and suffering or mental
> and emotional distress, that are not available in a restitution

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

proceeding under § 2259. *See Doe v. Hesketh*, <u>828 F.3d 159</u>, 170 (3d Cir. 2016).

*United States v. Rothenberg, supra* at 1339.

The Third Circuit considered precisely the argument alluded to by Defendant Dinkfeld and made the distinction between the two remedies even more clear than did the court in *Rothenberg*:

> Certainly Congress could not have intended in providing a remedy the opposite situation where § 2255 was only available to victims who had not previously received restitution. Section 2259 provides for *mandatory* restitution to victims of the crimes codified at 18 U.S.C. § § 2251-2252A, *see* 18 U.S.C. § 2259(a), which are all predicate offenses listed in § 2255 as forming the basis for a civil claim, *see* 18 U.S.C. § 2255(a). If we accept the District Court's conclusion that an award of restitution bars a later-filed claim under § 2255, then we would render § 2255 nothing more than a " dead letter" with respect to those predicate offenses. *United States v. Jersey Shore State Bank*, <u>781 F.2d 974</u>, 977 (3d Cir. 1986). *Doe v. Hekseth,* 828 F.3d 159, 170 (3d Cir. 2016).

Thus, Defendant Dinkfeld is attempting to avoid his civil liability to Plaintiffs by citing his being ordered to pay of restitution in the criminal matter equal to approximately 1.5% of the liquidated damages provided for by Congress in Masha's Law. Plaintiffs are entitled under Masha's Law to seek liquidated damages of $150,000 each from defendant.

## 5.   Jane Doe is named in this action only as Next Friend for her son.

"Jane Doe" is not alleging injury or seeking damages on her own behalf. Defendant's Motion to Dismiss acknowledges this: "the Complaint seems to name Plaintiff Jane Doe merely in a representative capacity of JESSY."  Jane

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

Doe's presence in this action is solely as Next Friend for her son who is a minor and who does not have the legal capacity to sue on his own behalf.  (ECF No. 1, ¶¶ 3 & 4); Fed.R.Civ.P. 17(c).  Defendant's counsel himself acknowledges that it is "unlikely" that Jane Doe is seeking damages for herself. FN 5, page 3 Defendant's Motion to Dismiss. Defendant's counsel could easily have clarified this in a phone call, as required by LR 7-3. There are no allegations in the Complaint herein of injury to or damages claimed by Jane Doe in her own right. Statements to this effect in Defendant's Motion are only a distraction which attempt to confuse the issues before the court.

      6.    **Defendant is estopped to deny personal jurisdiction.**

Should the court entertain consideration Defendant's statement that Plaintiffs have failed to sufficiently allege facts concerning personal jurisdiction, it should deny Defendant's motion on that basis.  Defendant pleaded guilty to and was convicted of committing child exploitation crimes within the Central District of California.  The claims in this matter arise out of the facts surrounding this conviction. Defendant was served with the Summons and Complaint in this matter on April 1, 2019.  ECF 27.

In this matter Defendant is estopped from denying any essential facts of the criminal offense.   As provided in 18 U.S.C. §3664(l)

> **(l)** A conviction of a defendant for an offense involving the act giving rise to an order of restitution shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding, to the extent consistent with State law, brought by the victim.

CAROL L. HEPBURN, P.S.
ATTORNEYS AT LAW
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

Defendant was convicted for an offense which gave rise to an order of restitution. This civil matter is brought by the victims of that offense for whom restitution was ordered.  The location of the crime conferring personal jurisdiction over the claims was an essential allegation in the criminal matter.  Defendant cannot therefore deny this allegation.

Plaintiffs need only establish a *prima facie* case for personal jurisdiction. *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491 (7th Cir. 2014). Again, all facts must be construed in a light most favorable to the Plaintiffs. *Skilstaf, Inc., supra.*  In so doing there are sufficient facts to show that Plaintiffs have established a *prima facie* case for personal jurisdiction.

## CONCLUSION

Defendant's Motion to Dismiss should be denied for failure to comply with L.R. 7-3. Defendant's Motion to Dismiss should be denied because the Complaint herein sufficiently sets forth facts that Defendant has been convicted of a child pornography of which Plaintiffs are victims.  In addition to the allegations of the Complaint, Supreme Court caselaw and Congressional Findings establish that defendant's actions have harmed the plaintiffs.  Defendant's remaining stated issues with the pleading of the Complaint are neither meritorious nor substantiated, nor sufficient to warrant dismissal.

///

- 13

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273

1

2

CARPENTER ZUCKERMAN AND
ROWLEY, LLP

3

/s/ John Kawai_____

4

5

6

7

John A. Kawai, 260120
407 Bryant Circle, Suite F
Ojai, CA 93023
805-272-4001
jk@czrlaw.com

8

CAROL L. HEPBURN, P.S.

9

10

11

12

13

14

/s/ Carol L. Hepburn_____
Carol L. Hepburn, *Pro Hac Vice*
200 First Avenue West, #550
Seattle, WA 98119
(206) 957-7272
(206) 957-7273 fax
carol@hepburnlaw.net
Of Attorneys for Jessy and Solomon

15

16

17

18

19

20

21

22

23

24

25

- 14

**CAROL L. HEPBURN, P.S.**
**ATTORNEYS AT LAW**
200 FIRST AVENUE WEST, SUITE 550
SEATTLE, WA 98119
TEL: (206) 957-7272 / FAX: (206) 957-7273