# United States District Court
# Central District of California

| | |
|---|---|
| JANE DOE, as next friend for "JESSY," a minor, and "SOLOMON"<br><br>              Plaintiff,<br><br>   v.<br><br>EDWARD CHARLES DINKFELD,<br><br>              Defendant. | Case No. 2:19-cv-01554-ODW (SSx)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [29]** |

## I. INTRODUCTION

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint. (Def.'s Mot. to Dismiss ("Mot."), ECF No. 29-1.) For the reasons that follow, Defendant's Motion is **DENIED**.[1]

## II. FACTUAL AN PROCEDURAL BACKGROUND

Minor, "Jessy," proceeding by and through his next friend, Jane Doe, and "Solomon," (collectively, "Plaintiffs"),[2] bring this action against Defendant Edward

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

[2] Jessy is currently a minor; Jane Doe is Jessy's mother; and Solomon is now an adult male. (Compl. ¶¶ 3–5, ECF. No. 1)

Charles Dinkfeld ("Defendant") as a result of Defendant's possession and distribution of child pornography depicting Jessy and Solomon. (Compl. ¶¶ 9–14.)

When Jessy was under the age of twelve, he met an adult male who photographed Jessy, partially clothed and nude, on numerous occasions. (Compl. ¶ 9.) When Solomon was a child, he was sexually abused by an adult male and this abuse was photographed. (Compl. ¶ 12.) Images of both Jessy and Solomon were distributed over the internet and constitute child pornography within the meaning of 18 U.S.C § 2256(8). (Compl. ¶¶ 10, 13.)

In a related criminal case, Defendant pleaded guilty to 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), knowingly possessing material containing images of child pornography depicting Plaintiffs. (Compl. ¶¶ 20–22.) Plaintiffs bring their claim under 18 U.S.C. § 2255(a), which declares that "any person who, while a minor, was a victim of a violation of . . . [§ 2252A] . . . and who suffers personal injury as a result of such violation . . . shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000." (*See* Compl. ¶ 2.) Plaintiffs allege that they have suffered personal injury as a result of Defendant's violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and seek liquidated damages in the amount of $150,000 each. (Compl. ¶ 23.)

Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Mot. 1.) Alternatively, Defendant argues that Plaintiffs' request for damages is barred because a prior restitution award from the related criminal matter provided compensation for any claimed losses. (Mot. 1.)

### III.  LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

As a preliminary matter, Plaintiffs oppose Defendant's motion, in part, because Defendant failed to meet and confer as required by Local Rule 7-3. (Pls.' Opp'n to Mot. to Dismiss ("Opp'n") 2, ECF No. 35.) Local Rule 7-3 requires counsel or parties contemplating motion practice to "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. The purpose of Local Rule 7-3 is to attempt to resolve the issues necessitating motion practice. *See id.* It is within the Court's discretion to refuse to consider a motion based on a party's noncompliance with Local Rule 7-3. *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015). However, failure to comply with Local Rule 7-3 "does not automatically require the denial of a party's motion." *Id.*

Defendant argues that the parties engaged in a telephonic meet and confer, and therefore, satisfied Local Rule 7-3. (Def.'s Notice of Mot. ("Notice") 2, ECF No. 29; Def.'s Reply in Supp. of Mot. ("Reply") 2, ECF No. 37.) Defendant claims to have "advised [Plaintiffs] that there were issues" in connection to the pleading standard. (Reply 2 n.4.) Apparently, Defendant did not raise any issue related to personal jurisdiction, Jane Doe's participation in this litigation, or the preclusion of civil remedy as a result of the criminal restitution. (Opp'n 2.) A brief phone call during which the parties fail to engage in any type of meaningful discussion is wholly insufficient to satisfy Rule 7-3. Rule 7-3 aims to streamline or avoid motion practice, and as is apparent from the papers, the present motion would have benefitted from the required conference. Although it is within the Court's discretion to deny Defendant's Motion for failure to comply with Local Rule 7-3, it declines to do. However, the parties are cautioned that any further failure to strictly and meaningfully comply with Local Rule 7-3 will result in denial of the motion and/or sanctions.

### A. Personal Jurisdiction

Due process requires that personal jurisdiction comport with traditional notions of fair play and substantial justice. *See e.g.*, U.S. Const. amend. XIV; *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court may exercise personal jurisdiction over a defendant when the defendant is present in the forum state, is domiciled in the forum state, consents to personal jurisdiction, *J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 880, or has minimum contacts with the forum state, *Int'l Shoe Co.*, 326 U.S. at 316. "Plaintiffs bear the burden of showing that jurisdiction is proper, but '[w]here, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff[s] need only make a prima facie showing of jurisdictional facts.'" *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)) (alternations in original). Thus, Plaintiffs "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs. v.*

*Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) (internal quotation marks omitted). "Unless directly contravened," Plaintiffs' version of the facts are taken as true. *Id.*

Here, Plaintiffs state that Defendant is a resident of California, where he is currently incarcerated, and that, prior to his incarceration, Defendant resided in Los Angeles County, California. (Compl. ¶¶ 6, 8.) Defendant does not contravene Plaintiff's version of the facts, but objects to personal jurisdiction insofar as Plaintiffs fail to adequately allege personal jurisdiction over Defendant. (Mot. 1.) However, Plaintiffs' claims regarding Defendant's residency and current physical presence in California are sufficiently pled for this Court to exercise personal jurisdiction over Defendant.

### B. Jane Doe's Participation

Defendant questions whether Jane Doe is suing in her individual capacity, in addition to Jessy and Solomon, or simply as a next friend. (Mot. 1, 3 n.5.) While Defendant ultimately submitted on this issue after Plaintiffs clarified Jane Doe's role in the litigation, (Reply 6; Opp'n 11–12.), such clarification was unnecessary as the Complaint is clear as to her representative capacity, (*see generally* Compl.).

Generally, minors cannot sue in their own name, however, they may conduct litigation by a next friend. Fed. R. Civ. P. 17(c)(2). Through their Complaint, Plaintiffs state that Jessy is a minor, proceeding by and through his next friend, Jane Doe. (Compl. 1, ¶ 4.) The Complaint further clarifies that Jane Doe is a pseudonym for Jessy's mother and next friend for purposes of this litigation. (Compl. ¶ 3). Thus, there is no question that Jane Doe's exclusive role is as next friend to Jessy.

### C. Rule 12(b)(6)

Defendant argues that Plaintiffs do not state a claim upon which relief may be granted; therefore, the Complaint should be dismissed pursuant to Rule 12(b)(6). (Mot. 1.) In evaluating a motion to dismiss for insufficient pleadings, courts usually begin an analysis "by taking note of the elements a plaintiff must plead to state a claim." *Ashcroft*, 556 U.S. at 662. Here, Plaintiffs must allege facts in their

Complaint to plausibly demonstrate that: (1) while minors, Plaintiffs were victims of a violation under 18 U.S.C. § 2252A; (2) Plaintiffs suffered personal injury; and (3) said personal injury was a result of the statutory violation. 18 U.S.C. § 2255(a).

Rule 8 "does not require detailed factual allegations, but it [does] demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (internal quotation marks omitted). Further, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Defendant argues that Plaintiffs do not meet this standard because alleging that they "suffered a personal injury as a result of Defendant's violation," is conclusory and "nothing more than a recitation of the elements for a cause of action under 18 U.S.C. § 2255(a)." (Mot. 3–5.) Defendant highlights the excerpts of Plaintiffs' Complaint that appear conclusory; however, once read within the context of the entire complaint, Plaintiffs' claim that they "suffered a personal injury as a result of Defendant's violation" is plausible on its face. (*See generally* Compl.; Mot. 3–5.)

Through their Complaint, Plaintiffs alleged facts, that when accepted as true, provide that Plaintiffs, while minors, were victims of child pornography in violation of 18 U.S.C. § 2252A. (*See* Compl.) In addition to the information provided about Jessy and Solomon—including their ages, how they were photographed, and how their images were transmitted (Compl. ¶¶ 9–10, 12–13)—the plausibility of their victimization is further supported by Defendant's guilty plea to knowingly possessing Plaintiffs' images in violation of criminal child pornography statutes. (Compl. ¶¶ 20–22.) Additionally, facts in the Complaint provide an account of the personal injury that each Plaintiff suffers, including emotional distress with physical manifestations, interference with normal development and educational progress, past and future expenses for medical and psychological treatment, and loss of enjoyment of life. (Compl. ¶¶ 11, 14). Therefore, Plaintiffs' claim of personal injury as a result of

Defendant's statutory violation is not conclusory but is supported by factual allegations that raise their right to relief above a speculative level.

### D.  Prior Restitution Award

Defendant relies on *Paroline v. United States*, 572 U.S. 434 (2014), to support his contention that Plaintiffs' request for damages is invalid. (Mot. 1.) Under 18 U.S.C. § 2259, district courts are required to award restitution for certain federal criminal offenses, including § 2252A for which Defendant was convicted, (Compl. ¶ 20.) *Paroline* sets forth how restitution should be determined under § 2259 and held that the amount should comport "with the defendant's relative role in the causal process that underlies the victim's general losses." 572 U.S. at 458. Defendant argues the previously awarded restitution compensated Plaintiffs in a manner proportionate to Defendant's role in their claimed losses; therefore, Plaintiffs cannot claim additional damages here. (Mot. 1.)

"However, an order of criminal restitution is not equivalent to a judicial determination of civil damages." *Eli Lilly & Co. v. Gitmed*, No. 16-cv-00178-DAD-SAB, 2017 WL 1740132, at *3 (E.D. Cal. May 4, 2017). Criminal restitution under § 2259 is a statutorily-based award for compensation, which recompenses specific losses proximately caused by the criminal offense. *See e.g.*, 18 U.S.C. § 2259; *Eli Lilly & Co.*, 2017 WL 1740132, at *3. In contrast, when a suit is brought under § 2255, "the victim does not have to prove the exact amount of damage a specific defendant caused the victim." *United States v. Reynolds*, No. 09-CR-00476-AWI, 2011 WL 1897781, at *5 (E.D. Cal. May 18, 2011). As such, the damages available to a plaintiff in a civil lawsuit under § 2255 are "very broad, incorporating many different kinds of compensation for an injury or loss." *Eli Lilly & Co.*, 2017 WL 1740132, at *3 (internal quotation marks omitted). For example, a plaintiff may be able to recover non-pecuniary damages, such as pain and suffering or mental and emotional distress, that are not available in a restitution proceeding under § 2259. *See e.g.*, 18 U.S.C. § 2255; *Doe v. Hesketh*, 828 F.2d 159, 170 (3rd Cir. 2016); *United*

*States v. Rothenberg*, 923 F.3d 1309, 1339 (11th Cir. 2019).  Therefore, the restitution previously awarded to Plaintiffs in the related criminal matter does not bar Plaintiffs' claim for damages here.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss Plaintiffs' Complaint.

**IT IS SO ORDERED.**

July 25, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**